Per Curiam.

Petitioner’s primary contention is that when he waived extradition to Ohio while in El Paso, Texas, Ohio obtained complete jurisdiction and custody over him and Ohio’s subsequent declining in favor of Indiana constituted an abandonment of Ohio’s claim to him. In other words, Ohio waived its right to exact a further sentence from him.
Petitioner cites and relies on a line of cases which hold that, where a convict is in custody under a conviction of a crime, the surrender of him to another sovereign for prosecution or imprisonment operates to preclude further punishment for the original conviction. See People, ex rel. Barrett, Atty. Genl., v. Bartley, Judge, 383 Ill., 437, and annotation, 147 A. L. R., 941. This, however, is the minority view. An examination of those cases shows no sound basis at law or under the Constitution to conclude that a release of a convict by one sovereign for prose *293 cution for another crime or to serve a sentence for which crime the prisoner has already been convicted by another sovereign should constitute a waiver by the releasing sovereign of its rights to exact the full penalty.
Inasmuch as it is impossible for a person to be in two places at the same time, where one owes penalties to two separate sovereigns one sovereign must relinquish its claim and allow the other to exact its penalty first. Such relinquishment does not constitute a waiver of punishment but rather a mere delay in its execution. The order of punishment is a matter to be decided between the sovereigns and is a matter over which the convict has no control.
This court had a similar question before it in Guerrieri v. Maxwell, Warden, 174 Ohio St., 40. The court in that case said:
“Therefore, where one has placed himself in the position of being wanted at the same time by two different sovereigns for the violation of penal statutes of both, it is a matter for the sovereigns to determine which shall first exact punishment from the offender, and not the offender. Under such circumstances it is the interested sovereigns who make the determination and the offender cannot complain of the order of his trials or punishment for such offenses. # * #
“ * * * The release by the state of one in its custody or under sentence by it to the federal government to serve a subsequently imposed federal sentence does not constitute a waiver by the state to carry into execution its previously imposed sentence after the termination of the federal sentence.”
The same underlying principles which applied in the Guerrieri case are applicable here. The petitioner owed a debt to two sovereigns, each of which had an absolute right to require full satisfaction, and such penalty must be paid.
Petitioner has shown no lack of jurisdiction over him nor has he shown any deprivation of a constitutional right.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.